IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DOROTHY SLADE, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1102-RSP |
| | § | |
| CITY OF MARSHALL TEXAS, ET AL. | § | |

## MEMORANDUM ORDER

For the reasons orally assigned in Open Court on March 12, 2015, and as more fully set forth below, the Motion for Summary Judgment filed by the City of Marshall and Stanley Spence on December 11, 2014 (Dkt. No. 79), and the Motion for Summary Judgment filed by John Johnson, Cortney Wells and Stacy Roach on December 11, 2014 (Dkt. No. 78) are both GRANTED.

This action arises out of the tragic death of Marcus Dewayne Slade on the evening of January 4, 2013. Officers of the Marshall Police Department were sent to a residence on Scoggins Street to investigate a complaint of a disturbance. Ofc. John Johnson arrived first to find an agitated and naked Mr. Slade standing in the street having a physical altercation with another man who was seated in a pickup truck parked at the curb with the door open. The entire interaction is recorded on videotape from the police cruiser. After Ofc. Johnson approached, Mr. Slade was yelling and resisting efforts to calm him down. Ofc. Cortney Wells arrived soon after and Mr. Slade was aggressive toward her. Ofc. Johnson used his Taser on Mr. Slade, who fell to the ground. Ofc. Cory Adkinson then arrived and helped the others get a struggling, 220-pound Mr. Slade handcuffed. In the process, Mr. Slade was subjected to at least seven Taser firings, but the officers maintain that only the first one had any effect because they found that the probes were broken when Mr. Slade fell on them while going to the ground.

The struggle to get the handcuffed Mr. Slade into a patrol car lasted several minutes and involved an additional two officers, Stacy Roach and Jeff Ash. Ofc. Wells and Ofc. Roach each used a Taser again while trying to get Mr. Slade into the patrol car. The officers believed, and the Plaintiffs agree, that Mr. Slade was under the influence of drugs during the event. It took less than five minutes for the patrol car to reach the Harrison County Jail. While two jailers were getting Mr. Slade secured in a restraint chair at the side of the patrol car, he became unresponsive and the EMTs were summoned. He was declared dead at the scene. The pathologist determined that PCP toxicity was the cause of death.

Over the course of discovery, the Plaintiffs, represented by experienced counsel, dismissed the claims against Taser International, along with all state law claims against the City and the officers. During the extensive briefing and oral argument on the various pretrial motions, Plaintiffs elected to proceed only with wrongful death claims against the City and the officers based on denial of medical care and excessive force. Both sides agree on the legal standards for these two claims. The right of an arrestee to medical care is violated if officers are deliberately indifferent to a serious medical need of the arrestee. The officers must know of "a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). The right of an arrestee to be free from excessive use of force is violated if the arrestee suffers an injury resulting directly and only from a use of force that was clearly excessive to the needs of the officers and was objectively unreasonable. *Heitschmidt v. City of Houston*, 161 F. 3d 834, 839 (5th Cir. 1998).

In order for the Plaintiffs to recover for wrongful death, they not only need to prove a violation of either of the rights discussed above, they must also prove that the violation caused

Mr. Slade's death. As the Fifth Circuit Court of Appeals made clear in *Phillips ex rel. Phillips v. Monroe County, Miss.*, 311 F.3d 369, 374 (5th Cir., 2002), "a plaintiff seeking to recover on a wrongful death claim under §1983 must prove both the alleged constitutional deprivation required by §1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute." In Texas, the Supreme Court has held that "under the Wrongful Death Act, liability may be predicated only on 'an injury that causes an individual's death.'" *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 404 (Tex., 1993). The Court specifically rejected the theory advanced by Plaintiffs here, and accepted in many other states, that a wrongful death plaintiff can recover for "loss of the chance" of survival. Rather, a plaintiff must prove by a preponderance of the evidence that the victim would have lived but for the wrongful act. *Id.*

Plaintiffs concede that they do not have evidence that either the delay in medical care or any excessive use of force caused Mr. Slade's death. Indeed, "ordinarily, expert testimony is needed to satisfy the reasonable medical probability standard for establishing a causal link." *Anderson v. Siemens Corp.*, 335 F.3d 466, 474 (5th Cir., 2003). In this case, Plaintiffs conceded at oral argument that their own expert, Dr. D.G. Edwards, testified at his deposition that he could not opine that Mr. Slade would more probably than not have survived if he had been taken straight to a hospital rather than to the jail. Plaintiffs also conceded at oral argument that they did not have evidence that the use of the Tasers, or any other force, was a cause of Mr. Slade's death. Although Dr. Edwards appeared to relate the Taser use to the death in his supplemental report rendered on January 27, 2015, Plaintiffs conceded that he testified at his subsequent deposition that he did not have the factual basis or medical expertise in the operation of a Taser

and its effect on the body to support that opinion. Dr. Edwards focused instead on the opinion that the Defendants deprived Mr. Slade of the chance of survival by not taking him immediately to the hospital. Unfortunately for Plaintiffs, that is simply not a viable cause of action in this jurisdiction.

Counsel for Plaintiffs has been candid with the Court that his case is based on the theory of "loss of chance of survival." Indeed, during the recent oral argument he crystallized this point saying that "we wouldn't be here if Plaintiff had been given the chance to survive." Given the state of the law at the time of this tragic event, as set forth by the Texas Supreme Court in *Kramer,* summary judgment is appropriate for Defendants on the wrongful death claims which remain in this case. Accordingly, the motions are granted and a judgment will be rendered dismissing this case.

**SIGNED this 16th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE