IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-40517
_____

D.C. Docket No. 2:13-CV-1102

United States Court of Appeals
Fifth Circuit
**FILED**
February 10, 2016

Lyle W. Cayce
Clerk

DOROTHY SLADE, Individually, Mother of Marcus Dewayne Slade, Deceased and as Dependent Administratrix of the Estate of Marcus Dewayne Slade; C. S. SLADE, JR., Individually, Father of Marcus Dewayne Slade, Deceased; KIM SPEARMAN, as next friend of M.S., a minor, Son of Marcus Dewayne Slade, Deceased; COREN SLADE-BELL, Individually, Sister of Marcus Dewayne Slade, Deceased and as next friend of D.K.J., a minor, Nephew of Marcus Dewayne Slade; TANISHA SLADE, Individually, Sister of Marcus Dewayne, Deceased; MARCUS DEWAYNE SLADE, Deceased,

     Plaintiffs - Appellants

v.

CITY OF MARSHALL, TEXAS; STANLEY SPENCE, Former Police Chief; JOHN JOHNSTON; CORTNEY WELLS; STACEY ROACH,

     Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Texas, Marshall

Before HIGGINBOTHAM, OWEN, and ELROD, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.



**Certified as a true copy and issued as the mandate on** Mar 03, 2016

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
February 10, 2016
Lyle W. Cayce
Clerk

No. 15-40517

DOROTHY SLADE, Individually, Mother of Marcus Dewayne Slade, Deceased and as Dependent Administratrix of the Estate of Marcus Dewayne Slade; C. S. SLADE, JR., Individually, Father of Marcus Dewayne Slade, Deceased; KIM SPEARMAN, as next friend of M.S., a minor, Son of Marcus Dewayne Slade, Deceased; COREN SLADE-BELL, Individually, Sister of Marcus Dewayne Slade, Deceased and as next friend of D.K.J., a minor, Nephew of Marcus Dewayne Slade; TANISHA SLADE, Individually, Sister of Marcus Dewayne Slade, Deceased; MARCUS DEWAYNE SLADE, Deceased,

      Plaintiffs - Appellants

v.

CITY OF MARSHALL, TEXAS; STANLEY SPENCE, Former Police Chief; JOHN JOHNSON; CORTNEY WELLS; STACEY ROACH,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Texas

---

Before HIGGINBOTHAM, OWEN, and ELROD, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    Dorothy Slade, mother of decedent Marcus Dewayne Slade, brought a wrongful death suit under 42 U.S.C. § 1983 against the City of Marshall and various local officials. The district court granted the City's motion for summary judgment because Slade could not produce any evidence of causation. Slade now appeals the district court's judgment, and we AFFIRM.

No. 15-40517

## I.

This case concerns the tragic events that led to the death of Marcus Dewayne Slade. On the night of January 4, 2013, officers of the Marshall Police Department were dispatched to investigate a disturbance. When officers arrived on the scene, they found a naked and agitated Marcus having a physical altercation with a man who was seated in a car. Officer John Johnson approached Marcus, who was yelling and refusing to calm down. When Marcus began acting aggressively toward another officer, Officer Johnson deployed his taser. Marcus fell to the ground, but continued to struggle with officers as they tried to subdue him. It took the sustained efforts of several officers to handcuff Marcus. Officers subsequently placed Marcus in a patrol car and transported him a short distance to the Harrison County Jail; the drive took no more than five minutes. The transporting officer reported that Marcus was speaking throughout the drive. Shortly after arriving at the jail, officers noticed that Marcus was unresponsive. Officers immediately began performing CPR and summoned paramedics, but Marcus was pronounced dead at the scene. The cause of death was later determined to be PCP toxicity.

Dorothy Slade, Marcus's mother, filed a wrongful death suit under § 1983 against the City of Marshall and several of the officers involved in the incident. Among other claims, Slade alleged that the officers had violated her son's constitutional rights by failing to seek medical treatment for Marcus until he became unresponsive at the jail. The district court granted summary judgment in favor of the defendants because Slade could not establish a causal link between the officers' alleged denial of medical care and her son's death. Slade timely appealed to this Court.

## II.

This Court has held that "a plaintiff seeking to recover on a wrongful death claim under § 1983 must prove both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute."[1] Texas law is clear that "[u]nder the Wrongful Death Act, liability may be predicated only on 'an injury that causes an individual's death.'"[2] That is, a plaintiff seeking to recover under Texas's wrongful death statute must demonstrate that the defendant's wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree.[3] Slade concedes that she does not have evidence sufficient to meet this standard. But she urges that this Court should decline to apply Texas's causation standard for two different reasons: (1) case law supports an exception when the need for medical care is "obvious"; and (2) it is inconsistent with federal law.

### A.

Slade's first argument is based upon the Sixth Circuit's decision in *Estate of Owensby v. City of Cincinnati*.[4] In *Owensby*, the Sixth Circuit addressed a similar incident in which an individual died shortly after being arrested and placed in the back of a patrol car.[5] The defendants argued, among other things, that the district court erred in denying summary judgment because the estate

---

[1] *Phillips ex rel. Phillips v. Monroe County*, 311 F.3d 369, 374 (5th Cir. 2002).

[2] *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993) (quoting Tex. Civ. Prac. & Rem. Code § 71.002(b)); *see also Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (citing *Kramer*, 858 S.W.2d at 399-400).

[3] *See Kramer*, 858 S.W.2d at 404 ("[T]he Act authorizes recovery solely for injuries that cause death, not injuries that cause the loss of a less-than-even chance of avoiding death. Hence, the Act on its terms does not authorize recovery under the separate injury approach to loss of chance.").

[4] 414 F.3d 596 (6th Cir. 2005).

[5] *See id.* at 599-601.

had not proved that "the officers' failure to provide medical care was the proximate cause of [the decedent's] death."[6] The Sixth Circuit acknowledged that such evidence is sometimes required, but relied on an earlier case for the proposition "that while medical proof may be necessary to assess whether the denial of medical care caused a serious medical injury in cases where the prisoner or pretrial detainee's 'affliction is seemingly minor or non-obvious,' no such evidence is required where the individual had a 'serious need for medical care that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"[7] And because it agreed with the district court's assessment that the decedent's "need for medical care was obvious," the court concluded that "the estate need not prove that the officers' acts or omissions were the proximate cause of [the decedent's] death in order to hold the officers liable under section 1983."[8] Slade asserts that we should conclude the same.

Slade, however, misunderstands the holding of *Owensby*. In *Owensby*, the Sixth Circuit addressed whether the estate had to offer evidence of causation to establish its *constitutional denial of medical care claim*—not whether it had to offer evidence of a causal link between its alleged denial of medical care claim and the decedent's death. That is, the court considered only whether an arrestee must demonstrate that an officer's deliberate indifference caused his injuries to establish a violation of the Fourteenth Amendment. This is evident both from the language of *Owensby*[9] and its reliance on an earlier case that held that "actual harm" is not an element of a denial of medical care

---

[6] *Id.* at 604.
[7] *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004)).
[8] *Id.*
[9] *See id.* at 602 (analyzing the need for evidence of causation under the heading: "Do the Facts, Viewed in the Light Most Favorable to the Estate, Demonstrate a Constitutional Violation?").

claim.[10] This Court faces a different question here: assuming Slade has established a violation of the Fourteenth Amendment, can she demonstrate a causal link between that violation and her son's death?[11] Putting aside whether Marcus's injuries were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention"[12]—and whether this three-judge panel has the authority to read an exception into *Phillips*[13]—*Owensby* does not provide a basis for avoiding this inquiry.

B.

Slade's second argument is based upon 42 U.S.C. § 1988. "Section 1988 requires that we apply state law to a section 1983 action where federal law is deficient, unless that state law conflicts with other federal law or policies."[14] This provision is rooted in the recognition that "federal law will not cover every issue that may arise in the context of a federal civil rights action."[15] "In 42 U.S.C. § 1988, Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no rule of decision for actions brought under § 1983."[16] Section 1988, however, provides that state law governs only

---

[10] *See Blackmore*, 390 F.3d at 899 ("Where the seriousness of a prisoner's needs for medical care is obvious even to a lay person, the *constitutional violation* may arise." (emphasis added)).

[11] *See Phillips ex rel. Phillips v. Monroe County*, 311 F.3d 369, 374 (5th Cir. 2002) ("[A] plaintiff seeking to recover on a wrongful death claim under § 1983 must prove *both* the alleged constitutional deprivation required by § 1983 *and* the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute." (emphases added)).

[12] *See Batiste v. Theriot*, 458 F. App'x 351, 357-58 (5th Cir. 2012) (concluding that *Owensby* did not apply on the facts of the case).

[13] *See Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000) ("When confronting decisions of prior panels, however, we are bound by 'not only the result but also those portions of the opinion necessary to that result . . . .'" (ellipsis in original) (quoting *Seminole Tribe v. Florida*, 517 U.S. 44, 67 (1996))); *see also Batiste*, 458 F. App'x at 357 (noting that "this court "has never adopted [Slade's] position").

[14] *Dobson v. Camden*, 705 F.2d 759, 763 (5th Cir. 1983).

[15] *Moor v. Alameda County*, 411 U.S. 693, 702 (1973).

[16] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980) (alteration in original) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 593 (1978)).

"so far as the same is not inconsistent with the Constitution and laws of the United States." Slade urges that Texas's causation requirement should be disregarded because it is "inconsistent with the Constitution and the laws of the United States." Slade asserts that this Court should apply instead the "loss of chance" doctrine as a matter of federal common law. Under this doctrine, "[i]t is not necessary to prove that a [plaintiff] would have survived if proper treatment had been given, but only that there would have been a chance of survival."[17]

"In resolving questions of inconsistency between state and federal law raised under § 1988, courts must look not only at particular federal statutes and constitutional provisions, but also at 'the policies expressed in [them].'"[18] The Supreme Court has instructed that "[o]f particular importance is whether application of state law 'would be inconsistent with the federal policy underlying the cause of action under consideration.'"[19] "The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law."[20] Texas's causation requirement is not inconsistent with these policies. Section 1983 seeks to deter abuses of power that have *actually* occurred and compensate victims who have *actually* been injured by such abuses.[21] Although it is not perfect, the causation requirement is a reasonable

---

[17] *Ruff v. Bossier Med. Ctr.*, 952 F.2d 138, 140 (5th Cir. 1992) (describing doctrine as it has developed in Louisiana).

[18] *Robertson*, 436 U.S. at 590 (alteration in original) (quoting *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240 (1969)).

[19] *Id.* (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465 (1975)).

[20] *Id.* at 590-91.

[21] *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310 (1986) ("Section 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations."); *Carey v. Piphus*, 435 U.S. 247, 254 (1978) (agreeing that "the basic purpose of a § 1983 damages award should be to compensate persons for injuries *caused by* the deprivation of constitutional rights" (emphasis added)).

way to identify when liability is appropriate. Indeed, we have endorsed a similar causation requirement in the past and remarked that the "loss of chance" doctrine is "not relevant" in the § 1983 context.[22] Texas's rule also does not "impair the policy of deterring illegality."[23] Under Texas law, any plaintiff can recover as long as she can prove causation; officers are unlikely to change their behavior in anticipation of the speculative possibility that a future plaintiff will be unable to prove causation at trial.[24] At bottom, Slade's position reduces to an argument that Texas's causation requirement is inconsistent with the policies underlying § 1983 because it will prevent her from recovering in this case. Nevertheless, as we have said before, "[t]he fact that employing the Texas rule in this case denies compensation to appellants does not suffice to render the borrowing impermissibly inconsistent with federal law."[25]

### III.

For the reasons stated above, we AFFIRM.

---

[22] *Phillips ex rel. Phillips v. Monroe County*, 311 F.3d 369, 375 (5th Cir. 2002).

[23] *Delesma v. City of Dallas*, 770 F.2d 1334, 1340 (5th Cir. 1985).

[24] *See id.*; *see also Robertson*, 436 U.S. at 592 ("A state official contemplating illegal activity must always be prepared to face the prospect of a § 1983 action being filed against him.").

[25] *Delesma*, 770 F.2d at 1340; *see Robertson*, 436 U.S. at 593 ("A state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation.").

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 03, 2016

Mr. David O'Toole
Eastern District of Texas, Marshall
United States District Court
100 E. Houston Street
Room 125
Marshall, TX 75670-0000

    No. 15-40517    Dorothy Slade, et al v. City of Marshall Texas, et al
    USDC No. 2:13-CV-1102

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Original exhibits are being returned: 2 envelopes

    Sincerely,

    LYLE W. CAYCE, Clerk

    By: _____
    James deMontluzin, Deputy Clerk
    504-310-7679

cc:
    Mr. Darren Keith Coleman
    Mr. Bradley R. Echols
    Mr. William Todd Hughey